Auburn District Court
No. 91-120

JOHN W. O'CONNOR

v.

ANDREW HANCOCK

February 24, 1992

*Charles A. Russell,* of Concord, by brief and orally, for the plaintiff.

*Sulloway Hollis and Soden,* of Concord, (*James E. Owers* and *Jeanine L. Poole,* on the brief and *Mr. Owers* orally) for the defendant.

### MEMORANDUM OPINION

JOHNSON, J.   The defendant in this contract action appeals the Auburn District Court's (*Larson,* J.) grant of summary judgment in plaintiff's favor. The defendant alleges that there was a genuine issue of material fact that entitled him to a trial. For the reasons stated, we reverse.

The defendant, Andrew Hancock, is the sole shareholder, sole director and president of Baker Valley Lumber, Inc. (Baker Valley), a

New Hampshire corporation which runs a sawmill in Rumney. In the fall of 1988, the plaintiff, John W. O'Connor, agreed to purchase a quantity of bark mulch from Hancock which, it is contended, was to be picked up by O'Connor in 1989. O'Connor made an initial $7,500 deposit by check made out to Hancock personally. Hancock alleged that he endorsed the check and deposited it in the Baker Valley business account.

O'Connor alleged that he never received the mulch from Baker Valley, and he then sued Hancock for the return of his $7,500 deposit. Hancock, on behalf of Baker Valley, counterclaimed that O'Connor failed to pick up the mulch and that his failure to do so resulted in damages relating to the disposal and resale of the mulch. The plaintiff's motion for summary judgment was granted on January 17, 1991. In a memorandum to set aside the decree granting summary judgment to O'Connor, Hancock stipulated that he would "seek no greater damage than to set off the plaintiff's claim in this action."

On appeal, Hancock argues that the grant of summary judgment was in error because a genuine issue of material fact exists: namely, whether Hancock was acting as an agent for an undisclosed principal, Baker Valley, and is therefore entitled to assert any defenses Baker Valley could have asserted against O'Connor.

■ ■ A motion for summary judgment may be granted only where no genuine issue of material fact is present, and the moving party is entitled to judgment as a matter of law. RSA 491:8-a, III; *Green Mt. Ins. Co. v. Bonney,* 131 N.H. 762, 766, 561 A.2d 1057, 1059 (1989). The court must consider the evidence in the light most favorable to the party opposing the motion. *Bonney,* 131 N.H. at 766, 561 A.2d at 1059. Hancock alleged that O'Connor breached his contract with Baker Valley by failing to remove the bark mulch, and that as a result of the breach, Baker Valley incurred damages in an amount that exceeds O'Connor's claim. Hancock also alleged that he was acting as an agent for Baker Valley, and therefore is entitled to assert the corporation's defenses.

■ It is well-settled that where an individual acts as an agent for an undisclosed principal, the agent [Hancock] may be sued personally on contracts between the principal [Baker Valley] and a third party [O'Connor]. RESTATEMENT (SECOND) OF AGENCY § 186 cmt. b (1958). Thus, since Hancock conceded that he was acting as an agent for an undisclosed principal, Hancock could be sued by O'Connor for return of the deposit on the contract which was deposited into Baker Valley's account.

We next consider whether Hancock may assert any defenses which Baker Valley could have asserted against O'Connor. The RESTATE-MENT (SECOND) OF AGENCY § 334 (1958), states that "the agent has all the defenses which arise out of the transaction itself . . . ." Comment a to § 334 makes it clear that Hancock is entitled to assert the defenses of Baker Valley against O'Connor in this action, as it provides:

> "Defenses to the action arising out of the transaction itself, such as fraud, misrepresentation, recoupment, breach of condition, non performance . . . are available to the agent . . . ."

■ Baker Valley's counterclaim against O'Connor arises out of the same transaction giving rise to O'Connor's claim against Hancock. As such it has been labeled a "recoupment," *Zurback Steel Corp. v. Edgcomb,* 120 N.H. 42, 44, 411 A.2d 153, 155 (1980). This claim may be asserted by Hancock as a defense to O'Connor's claim, upon a finding by the trial court, as alleged by Hancock, that he has corporate consent to assert the corporation's defense. RESTATE-MENT (SECOND) OF AGENCY § 333 (1958).

The trial court, in denying the defendant's motion for rehearing, found that the defendant "failed to institute action under Rule 3.9." District and Municipal Court Rule 3.9 states:

> "Whenever a third party [Baker Valley] is, or may be, liable to a defendant in any pending action for all or part of the plaintiff's claim against said defendant . . . said defendant *may* bring an action against said third party. . . ."

(Emphasis added.) Joinder of the corporation, under these facts, is not required under Rule 3.9, since Hancock, as agent, may assert Baker Valley's defenses, including the recoupment claimed.

We reverse the summary judgment and remand to the trial court.

*Reversed and remanded.*

All concurred.