Rockingham
No. 91-346

MARIA DiFRUSCIA, ADMINISTRATRIX OF THE
ESTATE OF MARIA PAGLIERANI

v.

THE NEW HAMPSHIRE DEPARTMENT OF
PUBLIC WORKS AND HIGHWAYS

September 10, 1992

*Winer and Bennett,* of Nashua (*Edna M. Conway* on the brief and *Peter G. Webb* orally), for the plaintiff.

*John P. Arnold*, attorney general (*Mark P. Hodgdon*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J.   The plaintiff, Maria DiFruscia, appeals from a decision of the Superior Court (*Gray*, J.) dismissing her action against the New Hampshire Department of Public Works and Highways (DPW). The trial court, concluding that highway design, construction, maintenance, and operation constituted a discretionary function, ruled that the DPW's actions fell within RSA 541-B:19, I(c) (Supp. 1991), thereby shielding it from suit. We reverse and remand.

In December 1986, the decedent, Maria Paglierani, was killed in a one-car accident while driving in a northerly direction along Route 28 in Salem. Although the cause of the accident was unclear, it was determined that the vehicle she was driving crossed the southbound lane and flipped over into a drainage ditch. The depth of the water in the ditch was such that the lower half of the vehicle was submerged, and the decedent drowned. There was no guardrail at the point of the accident.

The legislature has provided a limited waiver to the State's right of sovereign immunity in RSA chapter 541-B (Supp. 1991). The administratrix of the estate, Maria DiFruscia, instituted suit in 1988 under RSA 541-B:1, II-a(a) (Supp. 1991), which permits actions to be filed against the State for its failure to "follow the appropriate standard of care when that duty was owed to the person making the claim." The DPW moved to dismiss, citing RSA 541-B:19, I(c) (Supp. 1991), which provides that the waiver of immunity shall not apply to "[a]ny claim based upon the exercise or performance or the failure to exercise or perform a discretionary executive or planning function or duty on the part of the state or any state agency." In its order granting the motion, the trial court concluded that "decisions relative to the design, construction, maintenance and operation of highways involve discretionary executive or planning functions by government officials." The plaintiff's motion for reconsideration was denied, and this appeal followed.

■■   In ruling on a motion to dismiss, the trial court must take all facts pleaded as true, and all reasonable inferences must be construed in the plaintiff's favor. *Provencal v. Vermont Mut. Ins. Co.*, 132 N.H. 742, 745, 571 A.2d 276, 278 (1990). In determining whether the facts alleged constitute a basis for recovery, the trial court must scrutinize the writ to determine whether a cause of action has been

asserted. *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 44, 534 A.2d 706, 708 (1987).

■ At the outset, we note that at the hearing on the motion to dismiss, the plaintiff specifically informed the court that it was the maintenance of the ditch and the implementation of the guardrail plan, not the plan design itself, that was being questioned, and stated facts to support this position. Although normally the court's decision on a motion to dismiss is based solely on the allegations in the pleadings, if additional evidence is submitted, without objection, the trial court should consider it when making its ruling. *See Chasan v. Village District of Eastman*, 128 N.H. 807, 813, 523 A.2d 16, 20 (1986).

A careful reading of the writ, especially when combined with the allegations made at the hearing, indicates that the plaintiff has alleged the minimum necessary to state a claim. These facts, and concomitant inferences, allege that the defendant failed to exercise reasonable care by failing to install a guardrail and by failing to appropriately maintain the roadside ditch such that four feet of water accumulated and caused the death of the decedent. With respect to the guardrail, the plaintiff alleged that the original design of the road called for a guardrail to be placed on all roads with a grade of 4:1 or steeper, and that the road here had a grade level of 1:1. The court could have inferred from the writ and information provided at the hearing that the original design called for a guardrail, but when the plan was implemented, none was installed.

■ Between the writ and the information adduced at the hearing, the trial court was fully informed of the factual allegations that required a ruling. Although this is not the preferred manner of articulating a claim, once the trial court was presented with additional facts, which were not objected to, it could not ignore them. Therefore, we conclude that the plaintiff, albeit inartfully, has sufficiently pleaded her case. Consequently, we now review the trial court's ruling that the DPW was immune from suit because its "activities fall within the protected ambit of 'discretionary executive or planning function or duty' contemplated by RSA 541-B:19, I(c) [Supp. 1991]."

The DPW contends that "the decision[] of whether, when or how to design, construct or rehabilitate a highway, including the decision when to install a guardrail on an existing roadway, are discretionary policy and planning functions for which the State remains immune from suit under RSA 541-B:19, I(c) [Supp. 1991]." This argument, however, misses the crux of the plaintiff's allegations.

■ We do not doubt that the decision to place or not to place a guardrail on a roadway is conduct "characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning." *Opinion of the Justices*, 126 N.H. 554, 563, 493 A.2d 1182, 1189 (1985) (quotation omitted). In this case, however, the plaintiff is not questioning the original decision, but rather questions the *implementation* of that decision. The plaintiff further alleges that the implementation of the plan neither required nor contained any discretionary decision-making, and, therefore, that the DPW's conduct does not fall within the exception of RSA 541-B:19, I(c). We agree.

■ On the limited record before us, we presume that the discretionary decision has been made and approved by the appropriate individuals within the department. Then, all that is left is the "operational-level conduct" of implementing the plan. According to the plaintiff, the original plan called for a guardrail to be installed on the road if it exceeded a slope of greater than 4:1. Route 28, at the site of the accident, exceeded that grade. Thus, according to the plaintiff, the DPW was obligated to implement the plan and place a guardrail there. If true, and we must accept it as true for purposes of our review, then because the DPW no longer had the discretion to omit the guardrail from that site, it was no longer immune from suit for the failure to conform the road to the design plan. Consequently, we conclude that the plaintiff has alleged facts which constitute a basis for legal relief.

The DPW also contends, *inter alia*, that the plaintiff is barred from suing the DPW because she failed to give the State actual notice of a highway defect, that the accident was unforeseeable, and that the plaintiff's reliance on a fifty-year-old plan was misplaced. These arguments, however, were neither presented to the trial court, nor were they sufficiently developed factually for our consideration. The defendant will have an opportunity to present evidence to support these allegations, and perhaps move for summary judgment, but at this time, we do not consider them. Accordingly, we reverse and remand.

*Reversed and remanded.*

All concurred.