Hillsborough
No. 91-417

DARLENE SORENSON, ADMINISTRATRIX
OF THE ESTATE OF RICKY SORENSON

v.

CITY OF MANCHESTER

March 5, 1993

*Abramson, Reis & Brown*, of Manchester (*Randolph J. Reis* on the brief and orally), for the plaintiff.

*McDonough & O'Shaughnessy, P.A.*, of Manchester (*Robert J. Meagher* on the brief and orally), for the defendant.

BATCHELDER, J. The plaintiff, Darlene Sorenson, appeals the decision of the Superior Court (*McHugh*, J.), granting the defendant's, the City of Manchester (city), motion to dismiss. She argues that the trial court erred in ruling that municipal immunity for discretionary functions barred her suit against the city. Finding no error, we affirm.

On April 11, 1986, the plaintiff's husband was fatally injured on Amherst Street in Manchester when his motorcycle collided with a van that was stopped in the middle of the street facing the opposite direction, waiting to make a left-hand turn across the decedent's lane of travel. The plaintiff, administratrix of her husband's estate, brought suit against the city for the wrongful death of her husband, alleging that the city was negligent in permitting both two-way traffic and parking on Amherst Street, thereby reducing the portion of roadway available for moving traffic to such an extent that it was unsafe for travel.

The city filed a motion to dismiss, arguing among other things that it was entitled to municipal immunity for its decision to locate public parking where it did, based on our holding in *City of Dover v. Imperial Casualty & Indemnity Co.*, 133 N.H. 109, 575 A.2d 1280 (1990). The trial court granted the city's motion to dismiss, ruling that

> "traffic control is an arm of governmental police power, and decisions in regard to traffic control and allowable parking are all discretionary decisions which are inherently part of a municipality's governmental or quasi-judicial function. The Court, therefore, concludes that no tort liability can accrue based upon any of the allegations made against the defendant in the plaintiff's writ."

The plaintiff's motion for reconsideration was denied, and this appeal followed.

On an appeal from an order granting a motion to dismiss, we must determine whether the plaintiff can prevail based on the allegations contained in the writ, which are to be taken as true and viewed in the light most favorable to the plaintiff. *Collectramatic Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985). "If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied." *Id.*

In *City of Dover*, we held that municipalities continue to enjoy immunity from liability where the alleged misconduct is the result of "a planning function involving a basic policy decision that is characterized by a high degree of official judgment or discretion." 133 N.H. at 115, 575 A.2d at 1283. Such limitation of the exposure of local

government to liability is justified because "immunity for 'discretionary' activities serves to assure that courts refuse to pass judgment on policy decisions in the province of coordinate branches of government." 18 E. MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 53.04a, at 157–58 (3d ed. rev. 1984).

We recently examined the discretionary function exception to liability in the sovereign immunity context. In *DiFruscia v. New Hampshire Department of Public Works and Highways*, 136 N.H. 202, 612 A.2d 1326 (1992), we noted: "We do not doubt that the decision to place or not to place a guardrail on a roadway is conduct characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning." *Id.* at 205, 612 A.2d at 1328 (quotation omitted). The decision whether to impose parking regulations involves a similar level of discretion.

■ The plaintiff maintains that the deposition testimony of Thomas Lolicata, the city's director of traffic, that he employed no discretion with regard to the regulation of parking on Amherst Street, defeats the city's argument that the discretionary function exception applies to the case before us. In relying on Lolicata's deposition to support her argument that "a high level of discretion and judgment were not involved in any decision[-]making regarding traffic control and parking regulations on Amherst Street," the plaintiff ignores the distinction between the "planning" and "operational" levels of decision-making by municipalities. In this case, the plaintiff is challenging the wisdom of the original planning decision regarding the location of public parking spaces on Amherst Street, a decision delegated to a five-member committee of aldermen, not to Lolicata or the traffic department. The actions and decisions of Lolicata and his department are irrelevant to determining whether the city is entitled to immunity for the aldermen's decision regarding the location of parking spaces. Hence we need not address the city's argument that Lolicata's deposition is not properly before us on appeal.

■ Decisions regarding traffic control and parking regulations rest on the exercise of judgment and discretion and represent planning and policymaking. They fit squarely within the category of discretionary functions entitled to municipal immunity. Accordingly, the trial court did not err when it ruled that no tort liability existed and dismissed the plaintiff's suit.

*Affirmed.*

All concurred.