Rockingham
Nos. 94-131
  94-627

## DAVID M. GOSS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF KIMBERLY S. GOSS

v.

## CITY OF MANCHESTER

November 21, 1995

*Douglas & Douglas*, of Concord (*Charles G. Douglas, III & a.* on the brief, and *James B. Kazan* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Donald E. Gardner & a.* on the brief, and *Donald A. Burns* orally), for the defendant.

BROCK, C.J. This negligence action arises out of the rape and murder of the plaintiff's wife, Kimberly S. Goss, on September 12, 1989, by Daniel Vandebogart. The plaintiff, David M. Goss, seeks recovery from the defendant, City of Manchester (city), both on his own behalf and as administrator of the estate of Kimberly S. Goss.

The city brings this interlocutory appeal from orders of the Superior Court (*McHugh*, J.) denying its motions for summary judgment on the grounds of municipal immunity and absence of causation. We vacate and remand.

On June 28, 1989, Daniel Vandebogart was arrested by the Manchester police on charges of simple assault and criminal threatening. Shortly after his arrest, he was released on a $200 personal recognizance bond. At the time of the arrest, Vandebogart was on parole under the supervision of Brian Jones, a New Hampshire Department of Corrections parole officer, for a sexual assault offense committed in Montana. Officer Jones did not learn of Vandebogart's arrest until July 7, 1989, nine days later, when he reviewed the Manchester District Court docket. He informed the city prosecutor that Vandebogart's June 28 arrest was a violation of Vandebogart's parole conditions. The city prosecutor prepared a motion to revoke Vandebogart's parole based on this violation, but the motion was ultimately withdrawn.

On September 12, 1989, Vandebogart brutally raped and murdered Kimberly S. Goss at her home in Londonderry. He is currently serving a life sentence for that crime. *See State v. Vandebogart*, 139 N.H. 145, 168, 652 A.2d 671, 685 (1994). On September 9, 1992, the plaintiff filed this negligence action, arguing that the police failed to take appropriate measures at the time of Vandebogart's arrest to assure that he was not released, and that these failures are a proximate cause of Kimberly Goss' death.

The city moved for summary judgment. The superior court held that the city was immune from liability for all discretionary acts relating to the release of Vandebogart, but ruled that the city was not immune from liability for nondiscretionary acts, including the failure to notify the parole officer of Vandebogart's arrest pursuant to RSA 597:2, V (Supp. 1989) (current version at Supp. 1994). The superior court indicated that it would entertain a motion for summary judgment on the issue of proximate cause. The city filed such a motion, which the court denied.

The city appeals the denial of its motions for summary judgment. It argues that the trial court erred in ruling that: (1) the city had a nondiscretionary obligation to notify the parole officer of Vandebogart's arrest; and (2) whether the breach of that duty was a proximate cause of the death of Kimberly S. Goss was a question for the jury.

In reviewing the denial of a motion for summary judgment, we draw all inferences from the facts in the light most favorable to the nonmoving party. "A motion for summary judgment may be granted

only where no genuine issue of material fact is present, and the moving party is entitled to judgment as a matter of law." *O'Connor v. Hancock*, 135 N.H. 251, 252, 604 A.2d 565, 566 (1992); *see* RSA 491:8-a, III (1983).

■ Municipal governments are immune from tort liability arising out of the negligent conduct of municipal employees "[w]hen the particular conduct which caused the injury is one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning . . . ." *Gardner v. City of Concord*, 137 N.H. 253, 257, 624 A.2d 1337, 1339 (1993) (quotation omitted). They may be liable, however, when such actions are nondiscretionary or ministerial. *Id.*

To resolve this case, we must determine whether the acts complained of were discretionary or ministerial in nature. *See Bergeron v. City of Manchester*, 140 N.H. 417, 420–23, 666 A.2d 982, 984–85 (1995). The superior court ruled that the decisions of the police and the city prosecutor not to confine Vandebogart until trial were discretionary decisions that qualify for immunity. The trial court found, however, that the city may have violated a nondiscretionary duty under RSA 597:2, V (Supp. 1989) to notify Vandebogart's parole officer of Vandebogart's arrest. At that time, RSA 597:2 provided in pertinent part:

> I. Upon the appearance before the court or justice of a person charged with an offense, the court or justice shall issue an order that, pending arraignment or trial, the person be:
>
> (a) Released on his personal recognizance or upon execution of an unsecured appearance bond, pursuant to the provisions of paragraph II;
>
> (b) Released on a condition or combination of conditions pursuant to the provisions of paragraph III; or
>
> (c) Temporarily detained to permit revocation of conditional release pursuant to the provisions of paragraph V.
>
> . . . .
>
> V. A person charged with an offense who is, and was at the time the offense was committed, on
>
> . . . .
>
> (c) Probation or parole for any offense under federal or state law, may be detained for a period of not more than 72 hours from the time of his arrest, excluding Saturdays,

Sundays and holidays, and the law enforcement agency making the arrest shall notify the appropriate court, probation or parole official. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the provisions of law governing release pending trial.

■■  The city interprets RSA 597:2, I, as giving the court three options in dealing with a person who comes before it pending arraignment or trial: the person may be released on personal recognizance, released subject to conditions, or detained subject to the conditions in paragraph V. According to the city, paragraph V requires the law enforcement agency to notify the parole official only if the court decides to detain the person. We agree. Because Vandebogart was released on personal recognizance pursuant to RSA 597:2, I(a), paragraph V did not apply, and the Manchester police were not obligated to inform Vandebogart's parole officer of his arrest.

■  "In accordance with basic tenets of statutory interpretation, we look first to the language of the statute." *Appeal of Soucy*, 139 N.H. 110, 116, 649 A.2d 60, 63 (1994). RSA 597:2, I, gives the court three options for dealing with a person who appears before it. If the person is released on personal recognizance pursuant to RSA 597:2, I(a), the court must order such release within the rules set forth in RSA 597:2, II. *See* RSA 597:2, I(a). If the person is "[r]eleased on a condition or combination of conditions" pursuant to RSA 597:2, I(b), the court must order such conditional release in accordance with RSA 597:2, III. *See* RSA 597:2, I(b). The requirements of paragraph V apply only if the court decides to detain the person charged "to permit revocation of conditional release." RSA 597:2, I(c).

The plain language of the statute dictates that several prerequisites obtain before a mandatory duty arises upon a person's arrest. First, the person charged with the offense must have been, at the time the offense was committed: (1) on release pending trial for a federal or State crime; (2) on release pending sentencing, pending appeal, or after completion of a sentence for a federal or State crime; or (3) on probation or parole for any offense under federal or State law. RSA 597:2, V. Second, the court before which the person appeared on the current charge must have decided to detain the person temporarily "to permit revocation of conditional release." RSA 597:2, I(c). Here, Vandebogart was released on a $200 personal recognizance bond. He was not detained pursuant to subparagraph I(c). No mandatory duty arose upon his arrest, nor upon his release on personal recognizance bond.

■ Because Vandebogart was not detained pursuant to RSA 597:2, I(c), the decision to notify Vandebogart's parole officer remained a discretionary one, and is thus entitled to discretionary immunity. *See Gardner*, 137 N.H. at 257, 624 A.2d at 1339-40. Accordingly, the superior court erred in denying the city's motion for summary judgment on the basis that the city may have violated a nondiscretionary duty under RSA 597:2, V, and we therefore vacate its decision. The parties disagree as to whether our ruling on this issue should result in the granting of summary judgment to the city. If it should, then we need not consider whether the city's failure to notify Vandebogart's parole officer could have been a proximate cause of Kimberly Goss' death. We leave the issue of the effect of our ruling to the superior court in the first instance, and decline to decide the issue of proximate cause at this time. We remand to the superior court for further proceedings in accordance with this opinion.

*Vacated and remanded.*

BRODERICK, J., did not sit; BATCHELDER, J., retired, sat by special assignment under RSA 490:3; all who sat concurred.