Sherman v. Sullivan County          CV-93-499-SD   01/22/96
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Francis M. Sherman

     v.                                        Civil No. 93-499-SD

County of Sullivan, et al


                              O R D E R


     Defendants have filed what they style "Motion for Judgment

as a Matter of Law" (JMOL).[1]  Document 37.  Plaintiff objects.

Document 39.

     The motion seeks dismissal of Count II, a claim grounded in

part on a breach of statutory duty which plaintiff claims was

imposed on the defendant Sandra LaPointe.  New Hampshire Revised

Statutes Annotated (RSA) 30-B:4, V.[2]  Defendants' first

_____

     [1]Technically, a motion for JMOL replaces the motion for
directed verdict and is taken up initially at the close of the
plaintiff's presentation of actual evidence at trial.  Rule 50,
Fed. R. Civ. P.  The instant motion is probably better
characterized as a motion to dismiss, but for simplicity the
court will here follow the plaintiff's characterization.

     [2]RSA 30-B:4 describes the duties and powers of
superintendents of county departments of corrections, which was a
position held by defendant Sandra LaPointe.  Subparagraph V of
said statute provides, "The superintendent shall provide each
prisoner in his custody with necessary sustenance, clothing,
bedding, and shelter."

contention is that the statute does not create a private cause of action in favor of the plaintiff.

This argument must be rejected. Unlike the vague general purpose clause of the statute on which plaintiff relied in the case of In the Matter of Doe, 118 N.H. 226, 228 (1978), the language of RSA 30-B:4, V, supra note 2, does more "than enunciate general objectives and goals," Chassee v. Banas, 119 N.H. 93, 96 (1979), and imposes upon the county corrections superintendent a duty to provide the specific items to prisoners in custody.

Nor can the court accept defendant's alternative argument that the duties detailed in the statute fall within the discretionary function exceptions detailed in Gardner v. City of Concord, 137 N.H. 253, 257 (1993).

Finally, the court rejects the suggestion that expert testimony is necessary to establish the standard of care outlined by the statute. The procurement of the items required falls well within the ken of the ordinary lay juror.

Accordingly, the motion for JMOL must be and it is herewith denied.

SO ORDERED.

_____

Shane Devine, Senior Judge
United States District Court

January 22, 1996
cc: All Counsel

2