Board of Claims
No. 2008-649

APPEAL OF THE NEW HAMPSHIRE DEPARTMENT OF TRANSPORTATION
(New Hampshire Board of Claims)

Argued: May 5, 2009
Opinion Issued: July 2, 2009

Kevin R. Gray, by brief and orally, *pro se.*

*Kelly A. Ayotte*, attorney general (*Edith L. Pacillo*, assistant attorney general, on the brief and orally), for the State.

DUGGAN, J. The State appeals a decision of the New Hampshire Board of Claims (Board) awarding compensation to the claimant, Kevin R. Gray, for damages to a rented U-Haul truck. We reverse.

The record reveals the following facts. On June 16, 2007, the claimant was driving a rented U-Haul truck in Dover. He intended to travel on Oak Street towards Route 4, but a New Hampshire Department of Transportation (DOT) construction project closed Oak Street at the junction with Broadway Street, detouring traffic onto Broadway Street. The claimant followed the detour signs but failed to observe a "trucks turn right" sign, causing him to drive under a low clearance railroad bridge on Broadway Street. The clearance was inadequate, resulting in a collision and $2,545.00 in damage to the U-Haul.

The claimant filed with the Board, arguing that the State's detour signs were deficient. In response, the State asserted an immunity defense. At the hearing before the Board, Douglas Gosling, from the DOT Bridge Maintenance Bureau, testified that Oak Street was closed because of bridge maintenance. The DOT, with the assistance of its Bureau of Traffic, developed a detour plan consistent with the Manual on Uniform Traffic Control Devices (MUTCD). In addition to the detour signs, there were two pre-existing signs indicating a low clearance bridge and the bridge itself had flashing beacons and another low clearance sign. The State added two additional low clearance signs as part of its detour plan, at the quarter mile and half mile marks, indicating the clearance was nine feet six inches ahead. Gosling testified that the initial plan included two "passenger car only" signs, but at the meeting with the city, the city indicated that the bridge being repaired has a six ton limit, so trucks would have to navigate around it anyway.

The Board found that "the detour sign package used by the State was in fact deficient and did not give clear enough instructions to warn someone who was unfamiliar with the area." The Board further found that "the claimant was negligent in not observing a sign directing trucks to turn prior to encountering the railroad bridge[,] . . . [and that] there was ample information within the cab of the U-Haul truck and on the bridge itself to

have warned the claimant that there was inadequate clearance under the railroad bridge for his vehicle." The Board thus found that the State was 55% negligent and the claimant 45% negligent. The Board awarded the claimant $1,300.00. The State filed a motion to reconsider, which was denied.

On appeal, the State argues that the Board erred for two reasons: (1) the State is immune from liability because the claims arise out of the DOT's discretionary function; and (2) the Board's finding that the State was 55% negligent is against the weight of the evidence.

"[T]he order or decision appealed from [the Board] shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13 (2007).

■ Initially, we address the State's immunity argument. The existence of immunity for discretionary functions is fundamental to our system of separation of powers. *Gardner v. City of Concord*, 137 N.H. 253, 256 (1993). Discretionary function immunity is "premised upon the notion that certain essential, fundamental activities of government must remain immune from tort liability so that our government can govern." *Tarbell Adm'r, Inc. v. City of Concord*, 157 N.H. 678, 684 (2008) (quotation omitted). "[I]t seeks to limit judicial interference with legislative and executive decision-making, because to accept a jury's verdict as to the reasonableness and safety of a plan of governmental services and prefer it over the judgment of the governmental body which originally considered and passed on the matter would be to obstruct normal governmental operations." *Id.* (quotation, citation and brackets omitted).

■ The State and its agencies are immune from liability for conduct that involves "the exercise or performance or the failure to exercise or perform a discretionary executive or planning function or duty on the part of the state or any state agency or a state officer, employee, or official acting within the scope of his office or employment." RSA 541-B:19, I(c) (2007). "In resolving discretionary immunity questions, we distinguish between planning or discretionary functions and functions that are purely ministerial." *Bergeron v. City of Manchester*, 140 N.H. 417, 421 (1995). "When the particular conduct which caused the injury is one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability." *Opinion of the Justices*, 126 N.H. 554, 563 (1985) (quotation omitted).

Here, a DOT employee testified to the State's process in developing the detour plan. He testified that the DOT initially held a meeting with the City

of Dover and the Town of Rollinsford. The municipalities provided the DOT with the preferred detour route. The DOT developed the detour plan with the assistance of its Bureau of Traffic, following the MUTCD in placing traffic signs. The initial plan was then brought to the City of Dover, which requested additional changes. The initial detour plan included "passenger car only" signs. At the meeting with the City, the City explained that trucks cannot normally use the closed road because of a weight limitation. The DOT was instructed that, as a result, the detour was for passenger cars only and trucks should not be considered. The final detour plan included two additional signs indicating the bridge clearance. As the claimant testified, the detour plan did not provide for a specific truck route.

We conclude that a detour plan involves "weighing alternatives and making choices with respect to public policy," such that it is protected by discretionary function immunity. *Opinion of the Justices*, 126 N.H. at 563. This is consistent with our cases on this issue. *See Bergeron*, 140 N.H. at 422 ("As a discretionary function, the State's determination whether to install a flashing beacon at the intersection of Wellington Road and By-Pass 28 is immune."); *Sorenson v. City of Manchester*, 136 N.H. 692, 694 (1993) ("Decisions regarding traffic control and parking regulations rest on the exercise of judgment and discretion and represent planning and policymaking."); *DiFruscia v. N.H. Dept. of Pub. Works & Highways*, 136 N.H. 202, 205 (1992) ("We do not doubt that the decision to place or not to place a guardrail on a roadway is conduct characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning." (quotation omitted)).

Because the claimant challenges the State's original plan rather than its implementation, *see DiFruscia*, 136 N.H. at 205, the State is immune from liability. Because we conclude that the State is immune from liability, we need not address the State's argument regarding the weight of the evidence.

*Reversed.*

BRODERICK, C.J., and DALIANIS and HICKS, JJ., concurred.