# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0648, <u>Scott Robinson v. Hillsborough County & a.</u>, the court on April 28, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse and remand.

The plaintiff, Scott Robinson, appeals the order of the Superior Court (<u>Brown</u>, J.) granting the motion for summary judgment filed by the defendant, Hillsborough County, based upon discretionary function immunity. He argues that the trial court erred in granting the defendant's motion because there are genuine issues of material fact precluding summary judgment in the defendant's favor.

"A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Jeffery v. City of Nashua</u>, 163 N.H. 683, 685 (2012) (quotation omitted); RSA 491:8-a, III (2010). "In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party." <u>Jeffery</u>, 163 N.H. at 685. "If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." <u>Id</u>. "We review the trial court's application of the law to the facts <u>de novo</u>." <u>Id</u>. at 686.

"We have recognized that certain essential, fundamental activities of government must remain immune from tort liability so that our government can govern, and thus we preserved the discretionary function immunity exception [to the abrogation of governmental immunity] primarily to limit judicial interference with legislative and executive decision-making." <u>Everitt v. Gen. Elec. Co.</u>, 156 N.H. 202, 210 (2007) (quotations and citations omitted). "In assessing whether the discretionary function immunity exception applies in any given case, we distinguish between planning or discretionary functions and functions that are purely ministerial." <u>Id</u>. at 211 (quotation omitted). "We have refused to adopt a bright line rule to determine whether conduct constitutes discretionary planning or merely the ministerial implementation of a plan." <u>Id</u>. (quotation omitted). "When the particular conduct which caused the injury is

one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability." Id. (quotation omitted).

In this case, the plaintiff alleges that he was an inmate at the defendant's correctional facility, that the defendant had a duty to maintain the premises in a reasonably safe condition, and that the defendant breached its duty by allowing inmates, including himself, to use damaged weight-lifting equipment, causing him injuries. The plaintiff alleges that a cable on the equipment was frayed, and that in late October, 2009, he reported the dangerous condition to Corrections Officer Mackey, who personally delivered a work order notifying the maintenance department of the problem. The plaintiff alleges that on November 11, 2009, Sergeant Jordan inspected the equipment and found it to be usable. He alleges that on the following day, November 12, 2009, he was using the equipment when the frayed cable snapped, throwing him backwards and causing bodily injury.

In support of its motion for summary judgment, the defendant submitted an affidavit from Captain Marc Cusson, who serves as the chief of operations for the facility, which includes maintenance of its recreational equipment. According to Captain Cusson, "[w]hen equipment is in need of repair, a work order is placed within the maintenance department. If such conditions create a safety or health risk, equipment is promptly taken out of service." In his affidavit, Captain Cusson states, "I find no record of any work order being submitted by Officer Mackey." Captain Cusson acknowledges that Officer Mackey "apparently initially recalled submitting such paperwork," but avers that "none has been found (and all such submissions are maintained in our files)." The plaintiff filed no counter-affidavit. Accordingly, the facts stated in Captain Cusson's affidavit are deemed to be admitted for the purpose of the defendant's motion. See RSA 491:8-a, II (2010).

A governmental entity may be subject to tort liability when its employees "negligently follow or fail to follow an established plan or standards, and injuries result." Gardner v. City of Concord, 137 N.H. 253, 258 (1993). Taking the facts stated in Captain Cusson's affidavit to be admitted for the purpose of the defendant's motion, the affidavit reveals genuine issues of material fact as to whether Officer Mackey submitted or should have submitted a work order for the frayed cable and, if he did submit such a work order, whether it was subsequently misplaced. "Because the defendant, as the moving party, did not meet his burden of showing that there were no genuine issues of material fact, the plaintiff, as the opposing party, was not required to rebut [its] showing." Stewart v. Bader, 154 N.H. 75, 86 (2006).

2

In ruling that discretionary function immunity applies under these facts, the trial court noted that "the decision to allow access to equipment or to take certain equipment out of service requires deliberation and discretion." We have held, however, that the exercise of discretion, even to a significant degree, "is not the sole factor for determining whether government conduct constitutes a discretionary function." Everitt, 156 N.H. at 213. "To be protected, the official discretion must constitute a choice of policy or planning, involving the consideration of competing economic, social, and political factors." Id. We conclude that the issue of whether the defendant's employees should have taken the weight-lifting equipment out of service prior to the plaintiff's injury involved the implementation of recreational equipment policies, not a choice involving policy making or government planning. See id.; see also Hacking v. Town of Belmont, 143 N.H. 546, 551-52 (1999) (decisions of referees and coaches during elementary school basketball game not entitled to discretionary function immunity). Accordingly, the defendant cannot, as a matter of law, rely upon discretionary function immunity to protect itself from liability for its employees' alleged negligence in this case.

Reversed and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3