Rockingham
No. 83-261
No. 83-302

DOROTHY HARTMAN

v.

TOWN OF HOOKSETT & a.

May 4, 1984

*Wiggin & Nourie*, of Manchester (*Richard B. McNamara* on the brief), by brief for the plaintiff.

*Brown & Nixon P.A.*, of Manchester (*David W. Hess* on the brief), by brief for the defendants.

BATCHELDER, J.   The plaintiff brought suit in separate actions against the Hooksett Police Commission and the Town of Hooksett, alleging that the defendants were negligent in failing to warn the plaintiff of a defect in a State highway resulting from frost actions. The defendants filed motions to dismiss on the ground that the pleadings failed to state a cause of action. After a hearing on the motions, the Superior Court (*Nadeau*, J.) granted defendants' motions to dismiss. Plaintiff appeals from those orders. For the reasons set forth below, we affirm.

"In ruling on a motion to dismiss, all facts properly pleaded by the plaintiff are deemed true, and all reasonable inferences derived therefrom are construed most favorably to the plaintiff." *Weld Power Industries, Inc. v. CSI Technologies, Inc.*, 124 N.H. 121, 467 A.2d 568 (1983).

In the declaration to her writ, the plaintiff alleges: that on October 11, 1980, she was operating her automobile on Route 101B,

a State highway, in Hooksett; that her automobile struck a defect in the highway caused by frost action; that Hooksett police officers frequently traveled over this portion of the State highway; that the Hooksett police knew or should have known of the defect's existence; and that she and her automobile were damaged when her automobile struck the defect in the highway.

In addition, in her declaration she posits a duty of the defendants to warn travelers of defects in the roadway. She goes on to allege that a breach of this duty was the proximate cause of the damages she suffered.

In granting the defendants' motion to dismiss the plaintiff's writ for failure to state a cause of action, the superior court ruled, as a matter of law, that the defendants had no duty to warn, under the alleged facts, of a defective condition in a State highway over which the defendants had no control, and which they had no duty to repair. Therefore, the issue before this court is whether, as a matter of law, either a municipality or its police force has a duty to warn travelers about a defect in a State highway.

Plaintiff first argues that the Hooksett police, as conservators of the peace under RSA 105:3, have a duty to the public generally or to the plaintiff specifically to warn of defective conditions in the public ways controlled and maintained by the State.

■ ■ A majority of courts in other jurisdictions have found that the duty of policemen to act as conservators of the peace is a public duty, and that a violation of that duty is actionable only in particular circumstances. *See, e.g., Warren v. District of Columbia*, 444 A.2d 1 (D.C. App. 1981); Annot. 46 A.L.R.3d 1084. To sustain liability against a municipality or its servants, the duty breached must be more than a duty owing to the general public. *Id.* at sec. 3. There must exist a special relationship between the municipality and the plaintiff, resulting in the creation of a duty to use due care for the benefit of particular persons or classes of persons. *Id.* at sec. 4; 18 E. McQuillin, Municipal Corporations, sec. 53.04(b).

■ The circumstances under which such a duty exists usually involve situations where the defendant fails to discharge a duty voluntarily assumed or fails to give a promised warning. *Massengill v. Yuma County*, 104 Ariz. 518, 456 P.2d 376 (1969); *Florence v. Goldberg*, 44 N.Y.2d 189, 375 N.E.2d 763 (1978).

The plaintiff relies upon *Florence v. Goldberg* to support her theory. In *Florence*, the police department had voluntarily assumed the service of providing crossing guards at busy intersections for school children. The department had written specific rules and procedures to notify the appropriate authorities when a guard would not be

present so that a replacement could be found. This police service was clearly visible to the public, and the plaintiff herself had seen the guards on her street for two weeks in a row. On the basis of these observations, she had a basis for relying on the department to ensure that a guard be stationed at the street. The plaintiff's minor child was struck by an automobile while attempting to negotiate the school crossing on a day when the police force had neglected to station a replacement guard. The New York Court of Appeals upheld a verdict for the plaintiff, holding that the police department, having assumed a duty to a special class of persons, and having gone forward with performance of that duty in the past, had an obligation to continue in its performance. *Id.* at 196, 375 N.E.2d at 766.

Unlike the situation in *Florence*, there are no allegations in the plaintiff's pleadings in this case to indicate that either the police or the town voluntarily assumed a duty to the general public or to the plaintiff to warn of defects in State highways. The plaintiff alleges no rules or regulations imposing such a duty upon the defendants. Further, there are no allegations, nor can it be fairly inferred, that the defendants here had voluntarily undertaken to perform specific duties for a special class of persons, including the plaintiff, at particular times and places so as to induce a justifiable reliance on that service by the plaintiff.

Additionally, both parties agree that Route 101B, at the place where the accident occurred, is a class I highway, with full responsibility for maintenance and repair resting upon the State. RSA 230:1. In certain circumstances, a town may be liable for injuries occurring on roads under its control, but not for injuries on roads over which it exercises no control. *See Bridgham v. Effingham*, 86 N.H. 332, 336, 168 A. 904, 906 (1933); RSA 231:91 to :93.

Finally, the plaintiff argues that either the Hooksett police or the town itself should be liable because they possess insurance, and that there is no reason in public policy why they should be protected from the consequences of negligent acts. This argument begs the question. The existence of liability insurance does not create a cause of action where none would otherwise exist. *Levesque v. Levesque*, 99 N.H. 147, 148–49, 106 A.2d 563, 564 (1954).

Accordingly, based upon the plaintiff's pleadings, we hold, as a matter of law, that the defendants possessed no actionable duty to the plaintiff to warn of defects in a State highway.

*Affirmed.*

KING, C.J., did not participate; the others concurred.