Strafford
No. 92-418

GLENN D. SCHOFF & a.

v.

CITY OF SOMERSWORTH

August 31, 1993

*Ahlgren & Perrault, P.A.*, of Portsmouth (*John L. Ahlgren* on the brief and orally), for the plaintiffs.

*Cleveland, Waters and Bass, P.A.*, of Concord (*Thomas F. Kehr* and *Craig L. Staples* on the brief, and *Mr. Staples* orally), for the defendant.

BROCK, C.J.   This is an interlocutory appeal from the Superior Court's (*Temple*, J.) order denying the defendant's motion to dismiss. The defendant, City of Somersworth, raises several issues involving municipal immunity from tort liability. For the reasons that follow, we affirm.

The plaintiffs, Glenn D. Schoff and James Schoff, allege the following in their writ. On December 28, 1986, they were injured after they drove off the end of Greenfield Drive in Somersworth. Greenfield Drive ends in a "cliff-like precipitous drop" within approximately 750 feet of its entrance. The plaintiffs were unable to see the "No Thru Street" sign intended to alert travelers that the street was a dead end because the sign was small and facing directly opposite the direction in which they were traveling. The plaintiffs' writ alleges negligence under RSA 231:2 (1982) and RSA 231:92 (1982).

The defendant moved to dismiss, arguing that the plaintiffs failed to allege that the city had actual knowledge of the hazard; that the city has no actionable duty under the facts of this case to post signs or railings; that any duty that does exist is owed to the public, and a private cause of action for negligence may not be predicated upon it; and that the plaintiffs' claims are barred under the discretionary function exception to municipal liability.

In a comprehensive order, the trial court denied the defendant's motion. Because the facts alleged, construed in the light most favor-

able to the plaintiffs, would constitute a basis for legal relief pursuant to RSA 231:92 (1982), as it existed at the time of the accident, we affirm. *See Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985).

The defendant first contends that in order for the plaintiffs to maintain a suit against the city, they are required to plead that the city had actual notice of any alleged deficiency relating to the highway embankment. In support thereof, the defendant relies on this court's statement in *Opinion of the Justices*, 134 N.H. 266, 276, 592 A.2d 180, 186 (1991), that *"City of Dover [v. Imperial Casualty and Indemnity Co.*, 133 N.H. 109, 575 A.2d 1280 (1990)] plainly limits a municipality's liability [for negligence] to instances of *actual*, not *constructive*, knowledge." As the following discussion explains, however, the trial court was correct in finding that *City of Dover* "did not adopt, as common law requirements, the conditions of actual notice and opportunity to correct."

The law of municipal liability and immunity historically has been composed of a patchwork of judicial decisions and statutory enactments. In *Gossler v. Manchester*, 107 N.H. 310, 221 A.2d 242 (1966), we questioned the utility of the judicially created doctrine of municipal immunity but did not strike it down. 107 N.H. at 314–15, 221 A.2d at 245. Eight years later, however, we abrogated municipal immunity, except "for acts and omissions constituting (a) the exercise of a legislative or judicial function, and (b) the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Merrill v. Manchester*, 114 N.H. 722, 729, 332 A.2d 378, 383 (1974). We also held that municipalities should be held to the same safety standards as other citizens, 114 N.H. at 728, 332 A.2d at 383, and that they are subject to the same rules of liability as private corporations. 114 N.H. at 730, 332 A.2d at 381.

In response to *Merrill*, the legislature enacted RSA 507-B:2, *see* Laws 1975, 483:1, intending to codify the dictates of *Merrill*. RSA 507-B:2, amended in 1981, provided:

"A governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault . . ., arising out of ownership, occupation, maintenance or operation of the following:

I. All premises, except public sidewalks, streets, highways or publicly owned airport runways and taxiways.

II. All motor vehicles."

RSA 507-B:2 (1983); *see* Laws 1981, 376:2.

In *City of Dover* we held that RSA 507-B:2 (1983) was unconstitutional in that it denied "parties injured on municipal highways and sidewalks a right to recover as provided in part I, article 14" of the New Hampshire Constitution. 133 N.H. at 120, 575 A.2d at 1286–87. In finding the statute unconstitutional, we provided the legislature with guidance to enable it to enact a constitutionally permissible statute, including a suggestion of imposing a notice requirement. *Id.* at 120, 575 A.2d at 1286. Contrary to what *Opinion of the Justices*, 134 N.H. at 276, 592 A.2d at 186, suggests, however, we did *not* create a notice requirement for all negligence actions against municipalities. *Cf. Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 860 (1st Cir. 1993) (erroneously interpreting *common law* as requiring actual notice and opportunity to correct as prerequisites to municipal liability). Moreover, as a note of caution, we reiterate that opinions of the justices are advisory opinions on the constitutionality of proposed legislation, and may not be entitled to weight equal to that given judicial decisions following full adversary process. *See* N.H. CONST., pt. II, art. 74; *see, e.g., State v. Corson*, 134 N.H. 430, 432, 593 A.2d 248, 250 (1991).

In 1991, the legislature responded to *City of Dover* by reenacting RSA 507-B:2, providing for limited liability for injuries "arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises." RSA 507-B:2 (Supp. 1992); Laws 1991, 385:9. The reenacted statute provides, however, "that the liability of any governmental unit with respect to its sidewalks, streets, and highways shall be limited as provided in RSA 231." RSA 507-B:2 (Supp. 1992). In conjunction with the reenactment of RSA 507-B:2 in 1991, the legislature also repealed and reenacted RSA 231:90–:92, effective January 1, 1992, by clarifying the statutory notice requirement imposed on parties suing a municipality in tort, and modifying other municipal liability law.

RSA 231:92, II, as reenacted, provides that

> "[a]ny action to recover damages . . . arising out of municipal construction, repair or maintenance of its public highways or sidewalks constructed on such highways shall be dismissed unless the complaint describes with particularity the means by which the municipality received actual notice of the alleged insufficiency, or the intentional act which created the alleged insufficiency."

RSA 231:92, II (Supp. 1992); *see also* RSA 231:90–:91 (Supp. 1992); *see generally* Laws 1991, ch. 385.

Until the legislature amended the municipal immunity and liability law effective January 1, 1992, the statutory enactments providing limited municipal liability, *see* RSA 231:90–:93 (1982), coexisted with the principles enunciated in *Merrill* and *City of Dover*, comprising the municipal liability and immunity law of our State. While *Merrill* and *City of Dover* did not create as common law the requirement that municipalities have notice and an opportunity to cure before incurring tort liability, some pre-1992 statutes did provide protection from tort liability if notice and opportunity to cure requirements were not met. For example, former RSA 231:91 (1982) provided that municipalities "shall be liable for all accidents that may happen at such place subsequent to the time said notice of deficiency was given [pursuant to RSA 231:90 (1982)], provided it has not commenced to repair the same." *See* Laws 1981, 87:1. On the other hand, former RSA 231:92 (1982) provided:

> "Towns are liable for damages happening to any person . . . traveling upon a bridge, culvert, or sluiceway, or dangerous embankments of which insufficient warning has been given, upon any highway which the town has the duty of maintaining, by reason of any obstruction, defect, insufficiency, or want of repair of such bridge, culvert, sluiceway or embankments and warning signs or structures, which renders it unsuitable for the travel thereon."

*See* Laws 1981, 87:1; *see also* RSA 231:94 (Supp. 1992). This statute contained no actual or constructive notice requirement. *Cf. Boston & Maine Corp. v. Town of Hampton*, 987 F.2d at 860 (erroneously finding that no New Hampshire statute expanded municipal tort liability to require less than proof of actual notice and opportunity to correct).

■ The trial court correctly found that former RSA 231:92 (1982), which contains no actual or constructive notice requirement, provides the plaintiffs with a private cause of action under the facts alleged. Moreover, we note that even if actual notice is required in other contexts, the trial court found, and we agree that the plaintiffs did allege, that the city had actual notice of the lack of proper signage and railings that purportedly caused their injuries. Taking the allegations of fact in the light most favorable to the plaintiffs, *LaRoche, Adm'r v. Doe*, 134 N.H. 562, 564, 594 A.2d 1297, 1299 (1991), we find that there was no error in the trial court's denial of the motion to dismiss for the plaintiffs' alleged failure to allege that the city had actual notice of the purported insufficiencies.

The city also contends that the plaintiffs' writ does not set forth a legal duty upon which a cause of action for negligence may be predicated. The city argues that even if a general obligation to post guardrails or signs does exist, there exists no private cause of action under the public duty rule. *See Hartman v. Town of Hooksett*, 125 N.H. 34, 480 A.2d 12 (1984). "As developed, the public duty rule represents a limitation on liability for municipal acts that are carried out for the general welfare." *Island Shores Estates Condo. Assoc. v. City of Concord*, 136 N.H. 300, 303, 615 A.2d 629, 631 (1992). In *Hartman*, 125 N.H. at 36, 480 A.2d at 13, we explained that in order

> "[t]o sustain liability against a municipality or its servants, the duty breached must be more than a duty owing to the general public. There must exist a special relationship between the municipality and the plaintiff, resulting in the creation of a duty to use due care for the benefit of particular persons or classes of persons."

(Citation omitted.)

■ Here, the plaintiffs brought their claims under RSA 231:2 (1982) and RSA 231:92 (1982). We agree that the plaintiffs cannot maintain a private cause of action under RSA 231:2 (1982). RSA 231:2 is simply a general control and maintenance statute, providing that "[a]ll class IV highways shall be wholly constructed, reconstructed and maintained by the city or town in which they are located," and as such does not create a duty on municipalities to maintain highways for the benefit of individual travelers. Allegations under this statute merely demonstrate that the city had legal control over the highway and embankment at issue.

■ As we already have concluded, however, RSA 231:92 (1982) does provide the plaintiffs with a private cause of action under the facts alleged. Thus, the public duty rule does not serve to bar an action sufficiently pleaded under RSA 231:92 (1982). Taking the allegations of fact in the light most favorable to the plaintiffs, we find that there was no error in the trial court's denial of the motion to dismiss based on the public duty rule.

The city further argues that the discretionary function exception to municipal liability bars the plaintiffs' claims. The plaintiffs contend that the acts and omissions alleged do not constitute discretionary functions, and alternatively, even if they do, former RSA 231:92 (1982) permits suit for a municipality's failure "to install sufficient signage and guardrails in areas of dangerous embankments."

The superior court ruled that "the decision not to erect warning signs and/or guardrails is not a decision characterized by a high degree of discretion to which the discretionary function exception to municipal liability applies." In light of our recent decisions in *Gardner v. City of Concord*, 137 N.H. 253, 258, 624 A.2d 1337, 1340 (1993), *Sorenson v. City of Manchester*, 136 N.H. 692, 694, 621 A.2d 438, 439–40 (1993), and *DiFruscia v. N.H. Dept. of Pub. Works & Highways*, 136 N.H. 202, 205, 612 A.2d 1326, 1328–29 (1992), we hold that the trial court erred in its assessment of the discretionary function rule. We will not disturb the court's order, however, because it reached the correct result by not dismissing the action. *See In re Trailer and Plumbing Supplies*, 133 N.H. 432, 438, 578 A.2d 343, 346 (1990).

The plaintiffs allege in Count I of their writ that they were injured as a direct and proximate result of the city's negligence in failing to:

> "8. . . . provide any signage indicating that Greenfield Drive was a dead end street or to provide any warning signage, guardrails or other structures or signs which the said City had a duty to install to advise motorists of the end of pavement and termination of Greenfield Drive and of the dangerous and precipitous embankment at its terminous [*sic*].
>
> 9. . . . periodically inspect the signage and railings needed on Greenfield Drive or to insure that railings and signage, given the precipitous embankment at the terminous [*sic*] of Greenfield Drive, were installed in compliance with applicable specifications, rules and regulations pertaining to the proper signage and guard railings for Greenfield Drive and otherwise negligently failed to ensure that a dangerous and hazardous condition did not exist for motorists at that location."

To permit suit against a municipality for the exercise of its discretionary functions would offend our system of separation of powers. *See Gardner v. City of Concord*, 137 N.H. at 256, 624 A.2d at 1339. "To accept a jury's verdict as to the reasonableness and safety of a plan of governmental services and prefer it over the judgment of the governmental body which originally considered and passed on the matter would be to obstruct normal governmental operations." *Id.* (quotation omitted).

In distinguishing operational or ministerial conduct, for which municipalities do not enjoy immunity from tort liability, and planning or discretionary functions, for which municipalities do enjoy such immunity, we have adopted the following test:

"When the particular conduct which caused the injury is one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability."

*Id.* at 257, 624 A.2d at 1339 (quotations omitted).

■ Although some of the acts or omissions for which municipalities may be liable under former RSA 231:92 (1982), including failure to provide warning signs or guardrails for dangerous embankments, may implicate discretionary functions, *see Gardner*, 137 N.H. at 257–58, 624 A.2d at 1339, we conclude that the statute permits suit for injuries resulting from such acts or omissions. Thus, the plaintiffs are not precluded on the ground of discretionary immunity from bringing suit under this statute.

One of our primary concerns underlying the discretionary function exception is to limit judicial interference with legislative and executive decision-making. There is no such interference when the legislature broadens municipal liability to include certain discretionary functions. Obviously, the legislature may also eliminate such liability, as it did with the 1991 reenactment of RSA 231:92.

■ Moreover, paragraph 9 sufficiently sets forth acts or omissions that do not implicate discretionary functions. A municipality may be subject to tort liability when "workers negligently follow or fail to follow an established plan or standards, and injuries result." *Gardner*, 137 N.H. at 258, 624 A.2d at 1340. Here, the plaintiffs have alleged that municipal workers negligently failed to carry out an established plan, and failed to inspect the signage and railings in the area of the embankment. Taking the allegations of fact in the light most favorable to the plaintiffs, we find that paragraphs 8 and 9 sufficiently set forth acts or omissions for which the city may be held liable in tort.

■ We therefore hold that the trial court did not err in finding that the plaintiffs sufficiently pleaded their case to survive a motion to dismiss. *See Gardner*, 137 N.H. at 259, 624 A.2d at 1341.

*Affirmed and remanded.*

All concurred.