Carroll
No. 94-869

DAVID TRULL *& a.*

v.

TOWN OF CONWAY *& a.*

December 28, 1995

*Cooper, Deans & Cargill, P.A.*, of North Conway (*Randall F. Cooper* on the brief and orally), for the plaintiffs.

*Cleveland, Waters and Bass, P.A.*, of Concord (*Craig L. Staples* and *Thomas F. Kehr* on the brief, and *Mr. Kehr* orally), for defendant Town of Conway.

*Jeffrey R. Howard*, attorney general (*Mark P. Hodgdon*, assistant attorney general, on the brief), for defendant State of New Hampshire Department of Transportation.

BROCK, C.J. The defendant, the Town of Conway (town), brings this interlocutory appeal from an order of the Superior Court (*O'Neill*, J.) denying its motion to dismiss. *See* SUP. CT. R. 8. We reverse and remand.

The following questions have been transferred to us:

> I. Whether, as a matter of law, a municipal police officer possesses any legal duty to warn of icy conditions on a state roadway? *See Hartman v. Town of Hooksett*, 125 N.H. 34 (1984).

> II. Whether, as a matter of law, a municipal police officer possesses any statutory duty to warn of icy conditions on a state roadway under RSA 105:3; RSA 106-B:15; RSA 230:78 *et seq.*; RSA 231:90, *et seq.*; former RSA 231:93 or otherwise?

> III. Whether, as a matter of law, it was reasonably foreseeable to the defendant, under the facts of this case, that an accident would occur at this location on this roadway and in this manner?

The plaintiffs allege the following facts. During the evening of February 19, 1991, a Conway police officer, Richard Roderick, was traveling on Route 113 where he observed a Jeep in the breakdown lane with its emergency flashers activated. Upon investigation, the officer was advised that the Jeep had slid on "black ice."

Officer Roderick parked his vehicle on the side of Route 113 and observed a pickup truck slide across the road and strike a snow bank. He activated the blue lights on his police cruiser and pulled into the breakdown lane to assist the pickup truck. The officer spoke to the occupants of the vehicle, learned that they were unharmed,

and noticed that the road was difficult to walk on due to the icy condition.

Officer Roderick contacted the radio dispatcher for the Conway Police Department and requested that the State Department of Transportation be notified of the icy conditions on Route 113 so that the State could treat the condition as soon as possible. Officer Roderick then left the area. Shortly after his departure, plaintiff David Trull, who was driving eastbound on Route 113, lost control of his vehicle, which slid across the center line, striking a westbound vehicle driven by plaintiff Bettina Pleau. One passenger in the Trull vehicle was killed and three others seriously injured. Bettina Pleau was seriously injured and a passenger in her car killed.

Trull and Pleau filed suit against the town and against the State of New Hampshire, alleging negligence. The State is not a party to this appeal. The town filed a motion to dismiss which the trial court denied. The court ruled that the holding in *Hartman v. Town of Hooksett*, 125 N.H. 34, 480 A.2d 12 (1984), that a town owed no duty to the general public to warn of a defect on a State highway, is not dispositive of the plaintiffs' claim because "the plaintiffs do not allege that their accident resulted from the Town's failure to warn of a *defect* in a State highway." The court also held that because the plaintiffs do not allege that the town's duty arose as a result of a failure to maintain or repair the State highway, the town is not shielded by the immunity set forth in former RSA 231:93 (1982). Finally, the court ruled that the plaintiffs' writ sufficiently alleged that the police officer assumed a voluntary duty of care towards the plaintiffs.

Liability for negligence arises only upon the violation of a duty owed to one person by another. A duty is not created solely because of superior knowledge by one individual over another. *See Conway Bank v. Pease*, 76 N.H. 319, 326-27, 82 A. 1068, 1072-73 (1912).

In *Hartman*, we considered whether, as a matter of law, either a municipality or its police force has a duty to warn travelers about a defect in a State highway. We held that "[i]n certain circumstances, a town may be liable for injuries occurring on roads under its control, but not for injuries on roads over which it exercises no control." *Hartman*, 125 N.H. at 37, 480 A.2d at 14.

The parties do not dispute that Route 113 is a class II highway over which control and responsibility for maintenance rests exclusively with the State. *See* RSA 231:93 (1982). The plaintiffs argue that they do not allege that the town was negligent in maintaining the State highway but rather that the town owed a duty to warn of a dangerous condition of which it had actual knowledge. The

plaintiffs distinguish a defect in the road from an emergent, dangerous condition. *Cf. Bergen v. Koppenal,* 246 A.2d 442, 444 (N.J. 1968) (upholding duty owed by local officer to warn of emergent road conditions on State road if condition unlikely to be discovered by motorist). The essential element in *Hartman,* 125 N.H. at 37, 480 A.2d at 14, however, was not the nature of the condition, but the fact that responsibility to act is dictated by control. As we explained further in *Doucette v. Town of Bristol,* 138 N.H. 205, 635 A.2d 1387 (1993), "[b]ecause the road where the accident occurred was a State highway rather than a town road, the town owed no duty to the general public or the plaintiff to warn of defects on that road." *Id.* at 207, 635 A.2d at 1389.

■ The plaintiffs also argue that pursuant to *Weldy v. Town of Kingston,* 128 N.H. 325, 514 A.2d 1257 (1986), police officers are obligated to protect the general public; because Route 113 is under the exclusive police jurisdiction of the town, their duty to protect the general public extends to safety hazards on State highways. Merely because the town's police officers travel and regulate traffic upon this State highway, however, does not create a duty to warn the public of icy conditions on the highway. Municipalities "have not been, and are not now, guarantors of public peace, safety and welfare." *Doucette,* 138 N.H. at 210, 635 A.2d at 1390. To hold otherwise would impose upon the town greater liability as to icy conditions on State highways than exists as to town roads solely within its control, an irrational result. *See* RSA 231:92-a (1993).

■■ Former RSA 231:92 (1982) does not apply because Route 113 is not a "highway which the town has the duty of maintaining." Former RSA 231:93 provides that "[t]owns shall not be liable for such damages happening upon . . . state maintained portions of class II highways . . . ." Pursuant to these statutes, municipal liability for personal injuries resulting from hazards in a road flows from control of the road and a duty to maintain. Where there is no duty to correct a condition there is no actionable duty to warn users of a highway that the condition has not been corrected. *See Lansing v. County of McLean,* 372 N.E.2d 822, 827 (Ill. 1978).

■ Under the common law of this State and the statutory scheme in existence at the time of the accident, we conclude that the town had no duty to warn of icy conditions on a road over which it had no control and no duty to repair and maintain. "When there is no legal duty, there can be no breach of duty, and no finding of negligence." *Sousa v. State,* 119 N.H. 283, 285, 401 A.2d 1067, 1068 (1979). Therefore, no question of immunity arises.

Finally, the plaintiffs argue that the town should be held liable because Officer Roderick "voluntarily assumed a duty to the motorists on New Hampshire Route 113 . . . to warn of the dangerous road condition and had a duty to continue that warning until that danger was abated." The pertinent facts alleged in the writ indicate that Officer Roderick observed a pickup truck slide on Route 113; he parked his police cruiser in the breakdown lane to assist the truck, activating the cruiser's blue lights; he requested the police dispatcher notify the State Department of Transportation of the icy condition; and he turned off the cruiser's blue lights and left the area.

This court has recognized "the general tort principle that one who voluntarily assumes a duty thereafter has a duty to act with reasonable care." *Walls v. Oxford Management Co.*, 137 N.H. 653, 659, 633 A.2d 103, 106 (1993); *see* RESTATEMENT (SECOND) OF TORTS § 323 (1964). On the facts alleged by the plaintiffs, however, we cannot conclude that the town undertook the task of warning motorists on Route 113 of the icy condition. The town did not "voluntarily undertake[] to perform specific duties for a special class of persons, including the plaintiff[s], at particular times and places so as to induce a justifiable reliance on that service by the plaintiff[s]." *Hartman*, 125 N.H. at 37, 480 A.2d at 14; *see Kuchynski v. Ukryn*, 89 N.H. 400, 401, 200 A. 416, 417 (1938) (absence of reliance by the plaintiffs precludes finding of liability).

*Reversed and remanded.*

BRODERICK, J., did not sit; the others concurred.