ALEX H. THOMPSON, AND WIFE, SHEILA THOMPSON v. MICHAEL S. WATERS, D/B/A
WATERHOUSE REALTY & CONSTRUCTION AND LEE COUNTY

No. 267PA99

(Filed 7 April 2000)

**Immunity— public duty doctrine—county building inspectors—inapplicability**

The public duty doctrine does not bar plaintiffs' claim against a county for negligent inspection by its building inspectors of a private residence constructed for plaintiffs.

Justice MARTIN did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished, unanimous decision of the Court of Appeals, 133 N.C. App. 194, 520 S.E.2d 611 (1999), affirming an amended order signed by Stanback, J., on 6 August 1998 in Superior Court, Lee County. A conditional petition for discretionary review as to additional issues was allowed by the Supreme Court on 22 July 1999. Heard in the Supreme Court 17 November 1999.

*Cunningham, Dedmond, Petersen & Smith, L.L.P., by Bruce T. Cunningham, Jr., for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Coleman M. Cowan, for defendant-appellee Lee County.*

*Stella A. Boswell on behalf of North Carolina Academy of Trial Lawyers, amicus curiae.*

FRYE, Chief Justice.

Plaintiffs filed a complaint in Superior Court, Lee County, alleging negligent inspection by defendant Lee County and negligent construction by defendant Michael Waters. Defendant Lee County contends that the public duty doctrine bars plaintiffs' claim. We conclude that the public duty doctrine does not bar plaintiffs' claim against Lee County for negligent inspection.

This appeal is before us based on defendant Lee County's motion to dismiss for failure to state a claim upon which relief can be granted, N.C. R. Civ. P. 12(b)(6); thus, we treat plaintiffs' factual alle-

gations as true. *See Cage v. Colonial Bldg. Co.*, 337 N.C. 682, 683, 448 S.E.2d 115, 116 (1994). The question then becomes whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory. *See Lynn v. Overlook Dev.*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991).

Plaintiffs alleged the following in their complaint: In September of 1994, plaintiffs entered into a contract with defendant Waters to construct a private residence. The building inspectors for Lee County made periodic inspections of the home and were grossly negligent in that they approved construction that was in violation of the North Carolina State Building Code and good building practice. Within two weeks of the completion of the home, plaintiffs began experiencing substantial structural defects including stress fractures, cracks, settling of foundations, and shifting of walls. On 14 November 1996, plaintiffs received a report from the Lee County Department of Inspection outlining the numerous defects and building code violations in the residence.

Defendant Lee County filed a motion to dismiss the action against Lee County on the basis of the public duty doctrine. In response, plaintiffs alleged that the case was not within the bounds of the public duty doctrine or, in the alternative, that there existed a special relationship between plaintiffs and Lee County.

The Superior Court allowed defendant Lee County's motion to dismiss. The Court of Appeals affirmed the Superior Court's ruling in a unanimous, unpublished decision. *Thompson v. Waters*, 133 N.C. App. 194, 520 S.E.2d 611 (1999). This Court allowed plaintiffs' petition for discretionary review on 22 July 1999. Defendant Waters is not a party to this appeal.

Plaintiffs contend that the public duty doctrine does not insulate building inspectors from responsibility for their negligent acts or, in the alternative, that a special relationship or special duty existed between plaintiffs and the County. Defendant Lee County counters that plaintiffs' claim is barred by the public duty doctrine.

In *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), this Court applied the public duty doctrine to local law enforcement and held that a municipality and its agents could not be held liable for failure to furnish police protection to specific individuals. The Court also adopted two generally recognized exceptions to the public duty doc-

trine in *Braswell*: first, where there is a special relationship between the injured party and the governmental entity, and second, where the governmental entity creates a special duty by " 'promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered.' " *Id.* at 371, 410 S.E.2d at 902 (quoting *Coleman v. Cooper*, 89 N.C. App. 188, 194, 366 S.E.2d 2, 6, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 275 (1988)).

Notwithstanding our application of the public duty doctrine in *Braswell*, this Court, for reasons stated therein, declined to apply the public duty doctrine in *Isenhour v. Hutto*, 350 N.C. 601, 517 S.E.2d 121 (1999). In *Isenhour*, the plaintiff brought an action against a school crossing guard and the City of Charlotte for the injuries and wrongful death that resulted when a child was struck by an automobile while crossing the street. *Id.* at 602, 517 S.E.2d at 123. The Court concluded that the public duty doctrine did not shield the City or the crossing guard, in her official capacity, from liability. *Id.* at 608, 517 S.E.2d at 126. In *Stone v. N.C. Dep't of Labor*, 347 N.C. 473, 495 S.E.2d 711, *cert. denied*, —— U.S. ——, 142 L. Ed. 2d 449 (1998), and *Hunt v. N.C. Dep't of Labor*, 348 N.C. 192, 499 S.E.2d 747 (1998), a majority of this Court extended the application of the public duty doctrine so as to bar plaintiffs' claims against a state agency, the Department of Labor. We are now asked to extend the public duty doctrine as adopted in *Braswell* in this case against a county for the alleged negligence of its building inspector. We decline to do so.

The public duty doctrine has caused confusion in other jurisdictions. Several courts have expressed difficulty applying or interpreting the doctrine and its exceptions. *See Jean W. v. Commonwealth*, 414 Mass. 496, 499, 610 N.E.2d 305, 307 (1993); *Doucette v. Town of Bristol*, 138 N.H. 205, 209, 635 A.2d 1387, 1390 (1993); *Schear v. Board of County Comm'rs*, 101 N.M. 671, 674, 687 P.2d 728, 731 (1984). In some states where sovereign immunity has been either legislatively or judicially abrogated, courts have abandoned the public duty doctrine as another form of sovereign immunity. *See, e.g., Adams v. State*, 555 P.2d 235, 241-42 (Alaska 1976); *Schear*, 101 N.M. at 677, 687 P.2d at 734; *Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 536, 247 N.W.2d 132, 137 (1976). Some courts have criticized the doctrine as speculative and the cause of "legal confusion, tortured analyses, and inequitable results in practice." *Doucette*, 138 N.H. at 209, 635 A.2d at 1390; *see also Jean W.*, 414 Mass. at 509, 610 N.E.2d at 313. Moreover, courts in at least three states have renounced the public

duty doctrine when considering claims for negligent building inspections. *See Adams*, 555 P.2d at 241-42; *Wilson v. Nepstad*, 282 N.W.2d 664 (Iowa 1979); *Coffey*, 74 Wis. 2d at 540, 247 N.W.2d at 139.

This Court has not heretofore applied the public duty doctrine to a claim against a municipality or county in a situation involving any group or individual other than law enforcement. After careful review of appellate decisions on the public duty doctrine in this state and other jurisdictions, we conclude that the public duty doctrine does not bar this claim against Lee County for negligent inspection of plaintiffs' private residence. Because we hold that the public duty doctrine does not apply, we need not address plaintiffs' contentions that the special duty or special relationship exceptions to the doctrine apply.

The trial court granted defendant's Rule 12(b)(6) motion to dismiss plaintiffs' claim against the County on the basis of the public duty doctrine. The Court of Appeals affirmed on the same basis. For the reasons stated herein, the decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further remand to the Superior Court, Lee County, for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justice MARTIN did not participate in the consideration or decision of this case.