KENNETH EASON, Plaintiff v. UNION COUNTY, Defendant, and UNION COUNTY, Third Party Plaintiff v. JOHN PERRY CONSTRUCTION and JOHN PERRY, JOHN SMETHURST and ALLEN TATE REALTY COMPANY, INC., Third Party Defendants

No. COA02-1161

(Filed 16 September 2003)

**1. Counties— negligent inspection of house—public duty doctrine**

　　The public duty doctrine does not bar a claim against a county for negligent inspection of a private residence.

**2. Counties— negligent inspection of house—reliance on certificate of occupancy not shown—summary judgment**

　　Summary judgment was properly granted for defendant county on a claim for negligent inspection of a house purchased by plaintiff where plaintiff failed to show any reliance on the certificate of occupancy in purchasing the house.

EASON v. UNION CTY.

[160 N.C. App. 388 (2003)]

**3. Counties— negligent inspection—contributory negligence**

The trial court correctly granted summary judgment for defendant county on a claim for negligent inspection where plaintiff's own negligence contributed to his damages. Plaintiff relied on the promises of a realtor and a builder rather than the certificate of occupancy, he failed to have the house reinspected or to obtain the warranty prior to purchase, and he took title with knowledge of the uncompleted and needed repairs.

Appeal by plaintiff from judgment entered 11 June 2002 by Judge Susan C. Taylor in Union County Superior Court. Heard in the Court of Appeals 18 August 2003.

*Weaver, Bennett & Bland, P.A., by Benjamin L. Worley, for plaintiff-appellant.*

*Lovejoy & Bolster, P.A., by Jeffrey S. Bolster, for defendant-appellee.*

*No brief filed for John Perry Construction, John Perry, John Smethurst, or Allen Tate Realty Company, Inc.*

TYSON, Judge.

Kenneth Eason ("plaintiff") appeals from 11 June 2002 order granting summary judgment in favor of Union County ("defendant"). We affirm.

## I. Background

In the Fall of 1998, plaintiff sought to purchase a home in the Waxhaw area of Union County, North Carolina. Plaintiff inquired about a house located at 6611 Providence Road South ("the house"). He contacted the listing real estate agent, John Smethurst ("Smethurst") of the Allen Tate Realty Company, Inc. John Perry ("Perry") and his construction company, John Perry Construction, Inc. ("Perry Construction") were the builder and seller of the house.

Plaintiff made an initial "low offer" of $200,000.00, which Perry Construction accepted. This offer was contingent upon: (1) the house passing an independent inspection, (2) the resolution of any flooding problems on the property, and (3) the purchase of a 2/10 home warranty for plaintiff by Perry Construction. Smethurst recommended and plaintiff hired Estep's Home Service ("Estep"), who performed the independent inspection on 28 September 1998.

Estep's report noted elevated moisture content in the floor joists and girders and the need for additional piers under the girders to provide adequate foundation support. Prior to closing, Smethurst informed plaintiff that the moisture problem was resolved by putting another polyvapor barrier on the beams. Estep's report indicated that water and electrical services were disconnected during the inspection, and noted that the heating, air conditioning, plumbing, septic system, and electrical service had not been tested. Estep recommended that all fixtures and systems be inspected after the water and electrical services were connected. In his deposition, plaintiff acknowledged that he visited the house three times prior to closing. Each time he visited, the electricity and plumbing were turned on and appeared to function properly. Estep's report also noted cracking in the driveway. Funds were deposited in escrow prior to closing to address this defect.

Prior to closing, Perry Construction provided a "Seller's Disclosure of Property" form, which plaintiff signed on 21 September 1998. The structural component section of this form disclosed the house had foundation defects, but did not set out further explanation.

The original closing date was scheduled for 16 October 1998. Plaintiff postponed the closing after discovering the repairs noted in Estep's report were not complete. Smethurst knew that plaintiff was reluctant to close before the repairs were completed. On 21 October 1998, Smethurst strongly urged plaintiff to close on the house or that someone else would quickly buy the house at the contract price. Smethurst verbally assured plaintiff that Perry would finish the remaining repairs within the following week.

Perry did not attend the closing. He called two and a half hours after the scheduled closing time and the closing attorney acted on his behalf. Plaintiff closed on the house without reinspecting the premises, relying on the advice and assurances of Smethurst and Perry. Immediately after moving into the house, plaintiff realized the repairs had not been completed. Plaintiff also discovered additional defects, which did not appear on the inspection report.

Perry failed to complete the house or make the promised repairs. On 21 September 1999, plaintiff filed action against Perry and Perry Construction for unfair and deceptive trade practices and breach of warranty. During that lawsuit, plaintiff obtained plans for the house and a building permit, issued by defendant, for construction of a 1,804 square foot one-story six-room house. Perry Construction built a

EASON v. UNION CTY.

[160 N.C. App. 388 (2003)]

2,945 square foot two-story ten-room house. Plaintiff also obtained the certificate of occupancy for the house issued by defendant's Department of Inspection on 18 December 1997. Plaintiff did not bring action against Smethurst, Allen Tate Realty Company, Inc., or Estep. Plaintiff seeks recovery against defendant based on negligent inspection. Defendant moved for summary judgment based on: (1) contributory negligence and (2) the public duty doctrine. Judge Taylor granted defendant's motion for summary judgment and plaintiff appealed.

## II. Issues

Plaintiff assigns as error the trial court's finding that: (1) no genuine issues of material fact existed regarding plaintiff's claim of negligent inspection, and (2) plaintiff was contributorily negligent as a matter of law.

## III. Standard of Review for Summary Judgment

Summary judgment is appropriate when the moving party establishes that the opposing party cannot produce evidence to support an essential element of the claim or an essential element of the opposing party's claim does not exist. *Collingwood v. G.E. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). By moving for summary judgment, a defendant may force a plaintiff to produce evidence showing the ability to make out a *prima facie* case. *Id.* All inferences of fact are construed in favor of the nonmoving party. *Id.*

Rule 56 of the North Carolina Rules of Civil Procedure states that summary judgment will be granted "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2000). Determining what constitutes a genuine issue of material fact requires consideration of whether an issue is supported by substantial evidence. *Dewitt v. Eveready Battery Co., Inc.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Id.*, (quoting *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Thompson v. Wake County Bd. of*

*Educ.*, 292 N.C. 406, 414, 233 S.E.2d 538, 544 (1977), (quoting *State ex. rel. Comm'r of Ins. v. N.C. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977)). Substantial evidence requires "more than a scintilla or a permissible inference." *Dewitt*, 355 N.C. at 681, 565 S.E.2d at 146, (quoting *Utilities Comm'n v. Great S. Trucking Co.*, 223 N.C. 687, 690, 28 S.E.2d 201, 203 (1943)).

[1] Defendant's motion for summary judgment asserted that the public duty doctrine barred plaintiff's claim. We reiterate our Supreme Court's decision in *Thompson v. Waters* that the public duty doctrine does not bar a claim against the county for negligent inspection of a private residence. 351 N.C. 462, 465, 526 S.E.2d 650, 652 (2000).

## IV. Negligent Inspection

[2] To determine whether summary judgment was properly granted, we first consider whether plaintiff produced evidence tending to show each element of negligent inspection. Plaintiff must establish that: (1) defendant owed a legal duty to plaintiff, (2) defendant breached that duty, and (3) defendant's breach proximately caused plaintiff's injury. *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002).

Our Courts define proximate cause as "a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred." *Adams v. Mills*, 312 N.C. 181, 192, 322 S.E.2d 164, 172 (1984). Proximate cause is an inference of fact to be drawn from all the facts and circumstances. *Id.* at 193, 322 S.E.2d at 172. The court will declare whether or not an act was the proximate cause of an injury only if all the facts indicate only one inference may be drawn. *Id.*

Viewed in the light most favorable to the nonmoving party, plaintiff failed to forecast substantial evidence showing defendant's negligence proximately caused his damages. During his deposition, plaintiff admitted he did not review or have any discussions with anyone regarding defendant's certificate of occupancy prior to the closing. Plaintiff only attempted to contact defendant, regarding the certificate of occupancy, after he purchased the house. Plaintiff now asserts he would not have purchased the house but for the certificate of occupancy issued by defendant. This assertion alone is insufficient evidence to allow a reasonable mind to conclude

the defendant's certificate of occupancy proximately caused plaintiff's damages.

Plaintiff failed to show any reliance on the certificate of occupancy in purchasing the house. Defendant's issuance of the certificate of occupancy was not the proximate cause of plaintiff's damages. Plaintiff failed to show evidence of an essential element of his claim. This assignment of error is overruled.

## V. Contributory Negligence

[3] In the alternative, we also conclude the trial court properly granted summary judgment because plaintiff's own negligence contributed to his damages. When a defendant moves for summary judgment alleging contributory negligence, "the trial court must consider any evidence tending to establish plaintiff's contributory negligence in the light most favorable to the defendant, and if diverse inferences can be drawn from it, the issue must be submitted to the jury." *Cobo v. Raba*, 347 N.C. 541, 545, 495 S.E.2d 362, 365 (1998). Contributory negligence is appropriate for summary judgment "only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Martishius*, 355 N.C. at 479, 562 S.E.2d at 896.

Plaintiff admits "he was the victim of misrepresentations and other deceptions on the part of John Perry Construction, John Smethurst, and/or Estep Home Services." Plaintiff argues he acted reasonably by hiring an independent inspector and attempting to purchase a warranty. The inspection report indicated several defects and clearly stated that a reinspection was needed after utilities were connected. Plaintiff visited the house on three occasions prior to closing while the utilities were connected. Plaintiff purchased the house with full knowledge that certain defects had not been repaired. Plaintiff never received a written copy or verification of the 2/10 warranty he paid for. He relied on Smethurst's representations that the warranty was "on its way."

Plaintiff's precautionary, but unsuccessful, measures do not excuse his negligence and make defendant liable. He relied on Smethurst and Perry's promises, not the certificate of occupancy issued by defendant. Plaintiff's failure to have the house reinspected, obtain the warranty prior to purchase, and taking of title with knowledge of the uncompleted and needed repairs, all contributed to and proximately caused his damages. This assignment of error is overruled.

## VI.  Conclusion

Summary judgment to defendant is affirmed.

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.