Carroll
No. 2004-161

LOWER BARTLETT WATER PRECINCT

v.

RICK MURNIK & a.

Argued: March 31, 2004
Opinion Issued: April 1, 2004

*Ransmeier & Spellman, P.C.*, of Concord (*Timothy E. Britain* and *John T. Alexander* on the brief, and *Mr. Alexander* orally), for the petitioner.

*Cooper, Deans & Cargill, P.A.*, of North Conway (*Randall F. Cooper* and *Paul W. Chant* on the brief, and *Mr. Chant* orally), for the respondents.

DUGGAN, J. The respondents, twenty-six registered voters in the Lower Bartlett Water Precinct, appeal the order of the Superior Court (*Vaughan*, J.) declaring their petition for repeal of the Lower Bartlett Water Precinct Land Use Ordinance (zoning ordinance) defective and denying their requests for mandamus and attorney's fees. We reverse in part and remand.

The relevant facts follow. The petitioner, the Lower Bartlett Water Precinct (Precinct), is a village district in the town of Bartlett, established to provide water services to town residents. It holds an annual meeting on the second Tuesday in April; votes are conducted by unofficial ballot pursuant to RSA 670:7 (1996).

In January 2004, the respondents signed a petition seeking to place an article on the warrant for the annual Precinct meeting concerning repealing the Precinct's zoning ordinance. The petition stated:

> The undersigned, being twenty-five or more registered voters in the [Precinct], hereby petition pursuant to the provisions of RSA 675:4 that the following article to repeal the Land Use Ordinance be submitted to the voters of the [Precinct] at the annual meeting to be held in April, 2004:

> Article__: To see if the Precinct will repeal the [Precinct] Land Use Ordinance.

*See* RSA 675:4 (Supp. 2003).

The Precinct's Board of Commissioners (commissioners) forwarded the respondents' petition to the town planning board for public hearing and filed its own petition for declaratory relief in superior court. *See id.* Believing the respondents' petition to be deficient under the relevant statutes, the commissioners asked the superior court for guidance.

The superior court ruled that the respondents' petition was defective because it failed to state its question as: "Are you in favor of the repeal of the zoning ordinance?" The court ruled that this phrasing was statutorily required. *See* RSA 675:3, VII (1996); RSA 675:4, IV. Although the planning board had held a public hearing on February 18, on March 8, after learning of the superior court's ruling, it terminated its consideration of

the petition, without voting upon whether to approve it. The respondents filed this appeal on March 9.

We review the trial court's statutory interpretation *de novo*. *Smagula v. Town of Hooksett*, 149 N.H. 784, 787 (2003). We begin by examining the words of the relevant statutes, ascribing to them their plain and ordinary meanings, where possible. *See N.H. Dep't of Health & Human Servs. v. Bonser*, 150 N.H. 250, 251 (2003). We interpret statutes not in isolation, but in the context of the overall statutory scheme. *Mahoney v. Town of Canterbury*, 150 N.H. 148, 152 (2003). Moreover, we focus on the statute as a whole, not on isolated words or phrases. *Smagula*, 149 N.H. at 787. We will not consider what the legislature might have said or add words that it did not include. *Id.*

RSA 675:4 sets forth the procedure for petitioning for repeal of a zoning ordinance in a village district. To comply with this provision, a petition for repeal of a zoning ordinance must: (1) be signed by twenty-five or more voters; (2) be submitted to the village district commissioners between 120 and 90 days before the annual village district meeting; and (3) be "in correct warrant article form, as determined by the . . . village district commissioners." RSA 675:4, I.

Once submitted, the village district commissioners "shall submit the petition[] to the planning board in a timely manner." *Id.* The planning board must then set a date for and hold a public hearing. RSA 675:4, II. Each petitioned zoning repeal "shall be placed on a ballot" with a notation stating the planning board's approval or disapproval following the question's description. RSA 675:4, III.

RSA 675:4, IV provides that the "village district clerk shall include each question on a petitioned [repeal] on the appropriate official or special ballot, . . . in the same manner as provided in paragraph III and in RSA 675:3, VII." RSA 675:3, VII provides that if the village district has not adopted an official ballot, "the clerk may prepare a special ballot . . . separate from the ballot used to elect . . . village district officers for the use of voters in voting on the question."

If the village district has adopted an official ballot, the clerk must:

> prepare an official ballot separate from the official ballot used to elect . . . village district officers which shall include the following question, or . . . includ[e] the following question on the official ballot . . . :

> 'Are you in favor of the [repeal] of the zoning ordinance . . . as proposed by the planning board?'

RSA 675:3, VII.

In villages with official ballots and those without, "[i]f a majority of the voters present and voting on any question as herein provided shall vote in the affirmative, the [repeal of the] ordinance . . . shall be declared to have been adopted." RSA 675:3, VII. Further, "[w]hen submitting any question to the voters under this [provision], there shall be 2 squares printed after the question, one with the word 'yes' beside it and another with the word 'no' beside it." *Id.*

The dispute in this appeal centers upon the meaning of the phrase "correct warrant article form" as used in RSA 675:4, I. The trial court ruled that this phrase referred to the form of question required to be placed on official ballots pursuant to RSA 675:3, VII. Because this interpretation is contrary to the plain meaning of the relevant statutes, we reject it.

■ RSA 675:4, I, does not provide that a warrant article must state its question in the same way that an official ballot must present questions to voters. It provides only that the warrant article must be in the correct form as determined by the commissioners. RSA 675:4, I.

■ Although RSA 675:4, IV refers to RSA 675:3, VII, it does so in the context of directing the Precinct clerk as to how to prepare a ballot, not in the context of directing voters as to how to prepare a petition for a warrant article. RSA 675:4, IV requires the Precinct clerk to place each question regarding repealing the zoning ordinance on the appropriate special ballot "in the same manner as provided in paragraph III and in RSA 675:3, VII." RSA 675:4, IV. The directives in RSA 675:4, III and RSA 675:3, VII similarly pertain to ballots, not warrant articles.

The trial court conflated warrant articles and ballots. The purpose of warrant articles is "to give information to the voters of the subject-matters to be acted on in town-meeting." *McKinney v. Riley*, 105 N.H. 249, 252 (1964) (quotation omitted). As one commentator has explained: "[S]electmen should not expect legal precision from persons petitioning for zoning ordinance changes. If the petitioned article is reasonably clear so that the intent of the article can be ascertained by the voters, then it should be placed on the ballot." 15 P. LOUGHLIN, NEW HAMPSHIRE PRACTICE, LAND USE, PLANNING AND ZONING § 5.07, at 76 (3d. ed. 2000); *see McKinney*, 105 N.H. at 252 (substantial compliance with procedural requirements for adopting zoning ordinances sufficient).

We conclude, therefore, that the trial court misapprehended the relevant statutes. We remand for proceedings consistent with this opinion. On remand, the trial court shall hold a hearing forthwith to decide whether to issue a writ of mandamus either requiring the planning board to vote on the warrant article, or directing the Precinct clerk to prepare a ballot indicating that the planning board has neither approved nor disapproved of the article. The trial court shall also determine whether to exercise its equitable discretion to require the Precinct to hold its annual meeting on a day other than April 13, *see* RSA 52:12 (2003) (annual meetings of village districts must be held between January 1 and May 1), or to permit the Precinct to consider the warrant article at a special meeting of Precinct voters, *see* RSA 52:13-:14 (2003).

We turn now to the respondents' attorney's fee request. They assert that they are entitled to attorney's fees because they had to seek judicial assistance to secure a clearly defined right. *See N. Country Envtl. Servs. v. Town of Bethlehem*, 146 N.H. 348, 359 (2001). We disagree. We hold that the interpretation of the relevant statutes was a fair and reasonable ground for litigation. *See id.*

*Reversed in part and remanded.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.