Rochester District Court
No. 2006-430

DAN CUI

v.

CHIEF, BARRINGTON POLICE DEPARTMENT

Submitted: April 19, 2007
Opinion Issued: May 15, 2007

Dan C. Cui, by brief, *pro se.*

*Boynton, Waldron, Doleac, Woodman & Scott, PA,* of Portsmouth (*Christine Woodman Casa* on the brief), for the defendant.

## MEMORANDUM OPINION

DALIANIS, J. The defendant, the Chief of the Barrington Police Department, appeals an order of the Rochester District Court (*DiMeo*, J.) finding the Town of Barrington (Town) liable to the plaintiff, Dan Cui, pursuant to the Dog Control Law, RSA 466:30-a (Supp. 2006). Because the statute neither expressly nor impliedly imposes liability upon the Town, and no common law duty is otherwise implicated under these particular circumstances, we hold that the district court's order was erroneous as a matter of law and reverse.

The plaintiff filed a small claims action seeking $1,452.00 for damage to his porch caused by a stray dog. He alleged that despite numerous complaints to the Town over the course of one and one-half years, a potentially rabid dog was living on, and causing damage to, his property. He claimed that the Town failed to take any action to capture or remove the dog, although it did advise him as to how he could do so himself. The plaintiff ultimately succeeded in capturing the dog after it had killed his neighbor's pigs. Without identifying any particular provision of the statute as authority, the district court ruled that because the Town had adopted the Dog Control Law, RSA 466:30-a, it could not avoid liability by claiming that it lacked sufficient personnel to enforce the law.

We review the trial court's statutory interpretation *de novo* and begin by examining the words of the relevant statutes, ascribing to them their plain and ordinary meaning, where possible. *See Lower Bartlett Water Precinct v. Murnik*, 150 N.H. 690, 692 (2004). In doing so, we focus upon the overall statutory scheme, rather than upon isolated words or phrases. *Id.* However, we may not consider what the legislature might have said or add words that it did not include. *Id.*

Generally, RSA chapter 466 (2004 & Supp. 2006) addresses dog owner responsibilities, including licensing and vaccinating. While it expressly imposes liability upon municipalities for damage caused by a dog to other animals where adequate recovery is unavailable from either the owner or through insurance, *see* RSA 466:21, :22 (2004), it does not extend this liability to property damage resulting from alleged violations of the Dog Control Law. Nor can we divine any implied intent to do so, particularly in the face of the plain language of the Dog Control Law, which permits, but does not compel, law enforcement officers to impound dogs and issue notices of violation to their owners. *See* RSA 466:30-a, III, IV. The trial court, therefore, erred as a matter of law by imposing liability upon the Town under the statute.

██ Nor can liability otherwise be predicated upon common law municipal negligence. *See, e.g., Doucette v. Town of Bristol,* 138 N.H. 205, 210 (1993). To prevail upon such a claim, the plaintiff must allege and prove a breach of a duty of care by the defendant that proximately caused the plaintiff's injury. *Id.* In the context of municipal liability, the concepts of duty and legal causation are closely related and must be considered together. *See Island Shore Estates Condo. Assoc. v. City of Concord,* 136 N.H. 300, 304 (1992). The determination of legal duty focuses upon the policy issues that define the scope of the relationship between the parties. The relevant inquiry, therefore, is "whether the plaintiff's interests are entitled to legal protection [from the defendant's conduct, or] at the defendant's hands, against the invasion which has in fact occurred." *Id.* (quotation omitted). The existence of a duty depends upon what risks, if any, are reasonably foreseeable under the particular circumstances. *See Doucette,* 138 N.H. at 210. The resolution of the question of duty and legal causality ultimately depends upon consideration of the competing policy reasons for and against the recognition of a duty. *Island Shores Condo. Assoc.,* 136 N.H. at 304. Based upon the circumstances in this case, we decline to impose a legal duty upon the Town to prevent a stray dog from wandering onto the plaintiff's property and chewing on his dwelling. To hold otherwise would impermissibly make the Town a guarantor of public peace, safety and welfare. *See Doucette,* 138 N.H. at 210. Accordingly, we reverse the trial court's order.

*Reversed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.